**FILED**
**U.S. District Court**
**District of Kansas**
07/24/2026
**Clerk, U.S. District Court**
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

CALEB KANATZAR,

     **Petitioner,**

  v.            **CASE NO. 26-3020-JWL**

TOMMY WILLIAMS,

     **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Caleb Kanatzar, a state prisoner incarcerated at El Dorado Correctional Facility in El Dorado, Kansas. It comes now before the Court on Respondent's limited Pre-Answer Response ("PAR") addressing exhaustion (Doc 11) and Petitioner's reply to the PAR (Doc. 12). The Court has reviewed the PAR, the reply, and the limited record currently before it. After careful consideration, the Court concludes that it will defer ruling on exhaustion until after the briefing in this matter is fully completed and the full state-court record is before the Court. The Court also has conducted an initial review of the petition (Doc. 1) under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and finds that:

1.  Petitioner is presently a prisoner in the custody of the State of Kansas; and

2.  Petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas.

**IT IS THEREFORE ORDERED**

1.  That pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, Respondent shall file an answer on or before **August 24, 2026** showing why the writ should not be granted based on the arguments in the petition (Doc. 1).

1

2. That the answer should present:

   a. The necessity for an evidentiary hearing on the grounds alleged in Petitioner's pleading;

   b. Whether any argument therein is barred by a statute of limitations, the failure to exhaust state remedies[1], or any other procedural bar; and

   c. An analysis of the asserted grounds for relief and any cases and supporting documents relied upon by Respondent in opposition to the same.

Respondent shall cause to be forwarded to this Court for examination and review the records and transcripts, if available, of the criminal proceedings complained of by Petitioner. If a direct appeal of the judgment and sentence of the trial court was taken by Petitioner, Respondent shall furnish the records, or copies thereof, of the appeal proceedings and any subsequent postconviction proceedings.

3. That upon the termination of the proceedings herein, the clerk of this Court will return to the clerk of the proper state court all state court records and transcripts.

4. That Petitioner be granted to and including **September 24, 2026** to file a traverse—or reply—to the answer, admitting or denying, under oath, all factual allegations therein contained.

5. That the clerk of this Court then return this file to the undersigned for such other and further proceedings as may be appropriate; and that the clerk of this Court transmit copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:   This 24th day of July, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

---

[1] To the extent that the parties have already presented argument in the PAR and reply, they need not restate it.